## MORSE *v.* ALLEN.

A memorandum of a balance due the plaintiff, and signed by the defendant, is admissible under a count for money had and received, or an account stated.

Where S. was indebted to the plaintiff for work about a job of hauling lumber which S. had taken of the defendant, and the parties met together, ascertained the amount due, and the defendant gave to the plaintiff a memorandum, signed by him as follows : " Balance due Morse & Co., eighty dollars, for blacksmith work," which was received by the plaintiff, and assented to by S. : —*Held,* that this was evidence of an agreement that the defendant should be received as the paymaster, and would support a finding for the plaintiff for the eighty dollars.

ASSUMPSIT.   The plaintiff's declaration .embraced sundry counts, among which there was one for $150, money had and received, &c.; another for a like sum, for labor and services done and performed, and materials provided by the plaintiffs, at the defendant's request ; another count as on an account stated, alleging that the parties reckoned the plaintiffs' blacksmith account and settled it, and found

due the plaintiffs $80, on the 4th of April, 1856, and then the defendant promised the plaintiffs to pay them that sum, &c.

It appeared in evidence, and the court found, that William Seaver, Jr., entered into a written contract with the defendant, in October, A. D. 1855, under the terms of which said Seaver obligated himself to cut and haul a large quantity of lumber, at a stipulated price, from the defendant's lands in Ellsworth to the river in Thornton; and that, in pursuance of said contract, in the winter of 1855–56, he did cut and deliver a large quantity of said lumber at the place designated; that Seaver contracted with the plaintiffs to do his blacksmith work while engaged in this business; that the amount of their labor, &c., so done and performed for said Seaver, on the 4th day of April, 1856, agreeably to their account, was $80; that said Seaver, finding himself unable to meet the payments or his engagements under his contract, applied to the defendant for pecuniary means to pay this claim, and some others arising from the labor about the defendant's lumbering business in Thornton, &c.

The court found that by virtue of the defendant's express previous authority, the said Seaver, on the 4th day of April, 1856, went on and reckoned and settled the plaintiffs' account, and gave them the following due-bill, which was received as evidence in this case, subject to the defendant's exception:

"Thornton, April 4, 1856.

Balance due Morse & Co., eighty dollars, for blacksmith work.

Otis Allen,
by Wm. Seaver, Jr."

Indorsed May 1, 1856 : "Rec'd one Bal. Wheel of Otis Allen on the within order, weighing 171, at 3½—$5.98."

The court found that the defendant subsequently had knowledge of the existence of said due-bill as drawn, and that he ratified and confirmed the same by his promise to pay it, waiving his rights under his contract with Seaver, and expressing a willingness to pay for the labor done upon and about his lumber.

The aforesaid due-bill of the defendant was the plaintiffs' specification under the general counts in their declaration.

To the finding of the court the defendant excepted, and asked the court to hold, (1) That said due-bill was competent evidence to sustain only the count upon the account stated. (2) That the plaintiffs must show a stating of an account between the parties; and if the account stated was in fact between the plaintiffs and Seaver, then the plaintiffs can not recover on this count. (3) That the plaintiffs, to recover on this count as upon account stated, must show some prior transaction between the parties to the suit, to which the stating could apply. (4) That inasmuch as the evidence clearly shows the original account to have been between Seaver and the plaintiffs, and that no charge or claim existed or was ever made against the defendant, the plaintiffs can not recover. (5) That there is no evidence in the case sufficient to support a promise to pay the debt of a third person.

The court overruled the exceptions and found for the plaintiffs, assessing damages at $101.22; to which the defendant excepted.

*Quincy,* and *Clark,* for the plaintiffs.

*Bryant, Leverett & Blair,* for the defendant.

Bellows, J.   We think there is no objection to the form of the action.   If a binding agreement to pay is shown in the form reported, the amount may be recovered under the count on account stated.   1 Ch. Pl. 358; 4 Stark. Ev. 123; *Moor* v. *Hill,* Peake Ev. 257; *Richards* v. *Heather,* 1 B. & A. 29; *Foster* v. *Allanson,* 2 T. R. 479; 2 Greenl. Ev., secs. 126–7, and notes; 4 Cow. Phill. Ev. 124, n. 360; *Payne* v. *Jenkins,* 4 C. & P. 324; where it was held that a party may recover the amount of an I. O. U. under this count.   So it is held that proof of an account stated will support a count for money had and received.   *Filer* v. *Peebles,* 8 N. H. 226; *Lincoln* v. *Butler,* 14 Gray 129.

The question then is, whether, on the evidence reported, the plaintiffs were entitled to recover; or, in other words, did it legally tend to prove a stated account.   Assuming that Seaver was the debtor originally, it appears that the creditor and debtor, and the defendant, by his agent, were together; that the amount due was ascertained and stated, and that the defendant agreed with the creditor to pay it, and gave him therefor his promise in writing, which was accepted by the creditor.   If it was competent on the evidence to find that the creditor agreed to receive the defendant as paymaster, the case would come within the principle of *Heaton* v. *Angier,* 7 N. H. 397, which is sustained by numerous authorities, among which are *Ranlett* v. *Moore,* 21 N. H. 336; Chit. Cont. 537–9, and notes; *Butterfield* v. *Hartshorn,* 7 N. H. 397; *Wilson* v. *Coupland,* 5 B. & A. 228; *Fairlee* v. *Denton,* 8 B. & C. 395; *Tatlock* v. *Harris,* 3 D. & E. 180.

In the case before us the plaintiffs' account was for work on or about the defendant's lumber, for which in some form he was expected to furnish the means of payment; and the substance as well as the form of the arrangement between the parties was, that the defendant assumed to be the debtor, and was so received by the plaintiffs, with the assent of Seaver; and it was done in a manner wholly inconsistent with the idea of an engagement collateral to that of Seaver.

The court, then, we think, might well find that the defendant was taken as paymaster.

This will render it unnecessary to consider whether the stating of the account is of itself so far a consideration for the promise that a previous existing indebtedness need not be shown, as would seem to be intended in some of the authorities cited.   There must, therefore, be

*Judgment for the plaintiffs.*